UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JORGE ENRIQUE PONCE (1), § <br> § <br> Defendant. § | Case No. 1:11-CR-00035-P-BU |

# REPORT & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
### AND DEFENDANT'S WAIVER OF RIGHT TO OBJECT

On November 29, 2023, the United States filed a Motion to Revoke Supervised Release charging Defendant Jorge Enrique Ponce with violating one mandatory condition and two standard conditions of supervised release. Dkt. No. 50. Ponce was arrested and had his initial appearance in federal court on December 5, 2023. Dkt. No. 53. At that time, the undersigned appointed Randy Wilson to represent Ponce and scheduled his preliminary revocation and detention hearings for December 12, 2023. Dkt. Nos. 54, 55. Later, with advice of counsel, Ponce waived his right to those hearings and the undersigned entered an order finding probable cause and detaining Ponce pending his final revocation hearing. Dkt. Nos. 57–60.

On December 20, 2023, United States District Judge Mark Pittman referred the United States's Motion to the undersigned to conduct a hearing and issue a report and recommendation. Dkt. No. 63. A hearing was scheduled for January 18, 2024. Dkt. No.

1

62. At the appointed time, Ponce appeared in person and represented by counsel. The United States appeared through counsel.

A.     **Background**

Ponce pleaded guilty in 2011 to a violation of 18 U.S.C. § 922(g)(1), Convicted Felon in Possession of Firearm. Dkt. Nos. 12, 13. He was sentencing by then-Chief United States District Judge Jorge A. Solis on June 13, 2012, to 108 months imprisonment followed by a three-year term of supervised release. Dkt. No. 31. Ponce began his term of supervised release on October 6, 2023.

B.     **Alleged violations**

Through the Motion, the United States alleges that Ponce violated his conditions of supervised release in the following particulars:

> VIOLATION OF MANDATORY CONDITION: The defendant shall not commit another federal, state, or local crime.
>
> Ponce violated this mandatory condition when, on or about October 9 of 2023, in Abilene, Texas, he caused bodily injury to Ashley Quinones by striking her in the head and body, then dragged her back into the house as evidenced by his arrest for Assault/Family Violence, in violation of Texas Penal Code 22.01(a)(1). On October 31, 2023, Ponce appeared in court and was convicted of Assault/Family Violence by judgement in Case No. 2-882-23, in the Taylor County Court at Law No. 2, Taylor County Texas.
>
> VIOLATION OF STANDARD CONDITION No. 2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
>
> VIOLATION OF STANDARD CONDITION No. 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
>
> Ponce violated these mandatory conditions when, on or about October 31 of 2023, he failed to report to the United States Probation Office in Abilene,

> Texas, immediately upon his release, as directed by Senior U.S. Probation Officer Scott Cannon on October 13, 2023.

Dkt. No. 50 at 1–2.

### C.  **Revocation hearing**

At the beginning of the revocation hearing, the undersigned placed Ponce under oath and established his competency. The undersigned then examined Ponce in open court about the alleged violations and ensured that he understood each. The undersigned also examined Ponce on the range of punishment that can be imposed on a person who is found to have violated the subject conditions, including through a plea of true, and Ponce expressed his understanding of the applicable penalties.

The undersigned explained to Ponce that he had the right to plead not true and have a hearing on the alleged violations, and he expressed his understanding of that right. But Ponce expressed his desire, informed by counsel, to plead true to the alleged violations with full understanding of both the violations and the ranges of punishment. Ponce then pleaded true to each of the three alleged violations in the Motion.

Counsel for Ponce and the United States each offered argument on the appropriate punishment for the admitted violations.

Ponce's counsel argued that Ponce has demonstrated acceptance of responsibility for his violations and that he makes no excuses for them. Counsel recalled, correctly, that Ponce expressed his desire to plead true when they met immediately before Ponce's scheduled preliminary hearing in December 2023. Counsel urges that Ponce knows he needs drug rehabilitation and anger management counseling, and that Ponce wishes to

benefit from the rehabilitation and counseling resources provided by Court supervision. Counsel also clarified that Ponce pleaded guilty to the underlying state court assault case and has completed serving the resulting 90-day sentence.

Counsel for the United States urged that Ponce should be sentenced at the top of the applicable incarceration range because of the violent nature of the underlying crime. Specifically, Counsel for the United States emphasized that Ponce struck his victim in the head and dragged her back inside a house. Counsel also highlights the timing of the assault by Ponce, occurring only a few days after his release from federal custody.

Ponce was also given the opportunity to speak but declined to do so.

At the conclusion of the hearing, the undersigned informed Ponce that he intended to recommend that the United States District Judge (1) accept Ponce's pleas of true to the alleged violations in the Motion, (2) adopt the statement of facts contained in the Petition for Person Under Supervision, Dkt. No. 48, (3) find that Ponce violated his supervised release conditions as alleged in the Motion, (4) revoke Ponce's supervised release, (5) impose a period of re-incarceration of 14 months, with credit for any time served; and (6) impose an additional term of supervised release of 22 month.[1]

**D.   Analysis**

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for

---

[1] The undersigned also explained to Ponce that he would be recommending that the United States District Judge impose the four mandatory conditions and three additional conditions on Exhibit A to this Report and Recommendation, each of which was read to Ponce in open court.

the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3).

The relevant factors in § 3553(a) to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
\*\*\*
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
\*\*\*
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such

    amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

When revoking a term of supervised release, courts may not consider the factors listed in § 3553(a)(2)(A), which include *the need for the sentence imposed* "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011) (emphasis added). Nor may courts impose or lengthen a prison term to foster a defendant's rehabilitation. *Tapia v. United States*, 564 U.S. 319, 332 (2011).[2]

As set out in the Petition for Person Under Supervision filed on November 29, 2023, the statutory maximum term of incarceration upon revocation of Ponce's supervised release is two (2) years. *See* Dkt. No. 48 at 2 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Ponce pleaded true, he is subject to a violation grade of C and a criminal history category of VI, with the resulting range of imprisonment under United

---

[2] As explained above, while the Court should not consider the need for the sentence imposed to reflect the seriousness of the offense, the nature and circumstances of the offense is a relevant factor.

States Sentencing Guideline (USSG) § 7B1.4(a) of 8–14 months. *Id.* at 3. The statutory maximum for any supervised release imposed following imprisonment upon revocation is three (3) years, minus the current revocation sentence. *Id.* at 2 (citing 18 U.S.C. § 3583(h); *United States v. Jackson*, 559 F.3d 368 (5th Cir. 2009)).

Here, a sentence of 14-months imprisonment with an additional term of supervised release of 22 months would accomplish the relevant sentencing objectives, as identified in §§ 3583(e)(3) and 3553(a). Ponce appears before the Court now after returning to a life of criminal activity within five (5) days of his release from custody. And the crime that brought him back before this Court was a violent assault. Additionally, Ponce never reported to the U.S. Probation Office as instructed and required, which is the simplest of conditions to satisfy.

The undersigned further finds that the recommended 22-month period of supervised release is appropriate to provide Ponce an opportunity to re-engage in society in a positive, non-violent, and law-abiding manner. This recommendation represents the statutory maximum of three (3) years, minus the current recommended term of reincarceration of 14 months. An additional 22-month term of supervised release will also provide Ponce an opportunity to benefit from the significant mental health and substance abuse resources available to those under Court supervision.

E. **Notice of Right to Appeal**

Toward the conclusion of the hearing, the undersigned confirmed that Ponce and his attorney had read, discussed, and signed the Notice of Right to Appeal Sentence Imposed After Plea of Guilty (Or Nolo Contendere). Dkt. No. 67. The undersigned

explained to Ponce the Notice of Right to Appeal and the opportunity to proceed *in forma pauperis* on any appeal.

Lastly, the undersigned ensured that Ponce understood that the Notice of Right to Appeal does not serve the same purpose as a Notice of Appeal, and that if he wishes to appeal the judgment of the United States District Judge revoking his supervised release, and imposing reincarceration and another term of supervised release, he is required to file that appeal within 14 days of entry of the judgment by the United States District Judge.

F.  **Waiver of right to object to magistrate judge report and recommendation**

At the beginning of the hearing, Ponce and his attorney tendered to the Court a signed Waiver of 14-Day Objection Period for Revocation Before a United States Magistrate Judge. Dkt. No. 68. After the undersigned announced his findings and recommendations in open court, the undersigned re-visited the waiver with Ponce, explained its effect, and asked Ponce if still wished to waive his right to object after hearing the undersigned's recommendations. Ponce confirmed that he still wanted to waive his right to object.

G.  **Recommendation**

Defendant Jorge Enrique Ponce's term of supervised release should be revoked, and he should be sentenced to a term of imprisonment of 14 months with credit for time served, followed by an additional term of supervised release of 22 months. The undersigned further recommends that the United States District Judge find that Ponce's waiver of the 14-day period to object to this Report and Recommendation was knowingly and voluntarily made by Ponce, and accept the waiver.

ORDERED this 18th day of January, 2024.

                                                _____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:11-CR-00035-P-BU |
| | § | |
| JORGE ENRIQUE PONCE (1), | § | |
| | § | |
| Defendant. | § | |

## **Exhibit A**

Mandatory Conditions:

1.  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  The defendant shall not commit another federal, state, or local crime.

3.  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

4.  The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

Additional Conditions:

1.  The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contribute to the costs of services rendered (co-payment) at the rate of at least $25 per month.

2.  The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include

medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (co-payment) at the rate of at least $25 per month.

3.  The defendant shall not contact, communicate with, or otherwise interact with Ashley Quinones either directly or indirectly without permission of the Court or the probation officer.